BLANK ROME LLP
Attorneys for Plaintiff
Richard V. Singleton
Noe S. Hamra
The Chrysler Building
405 Lexington Avenue
New York, NY  10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOUCHARD TRANSPORTATION CO. INC., <br><br> Plaintiff, <br><br> -against- <br><br> TRAFIGURA A.G., and <br> TRAFIGURA TRADING LLC, <br><br> Defendants. | 18 Civ. <br><br><br> **COMPLAINT** |

Plaintiff BOUCHARD TRANSPORTATION CO., INC., by its attorneys Blank Rome LLP, complaining of the above-named Defendants, TRAFIGURA A.G. and TRAFIGURA TRADING LLC (jointly referred as "Defendants"), alleges upon information and belief as follows:

## JURISDICTION AND VENUE

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Specifically, this action concerns claims arising under certain charter agreements between Plaintiff and Defendants.

2. This Court has subject matter jurisdiction under 28 U.S.C. §1333.

1

3. Alternatively, the jurisdiction of this Court arises under diversity jurisdiction, 28 U.S.C. §1332, because there is diversity of citizenship among the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000).

4. This Court has personal jurisdiction over the Defendants by virtue of the terms and conditions of the Charter Agreement dated June 29, 2012, between Plaintiff and Defendant TRAFIGURA A.G. (the "Master Charter Agreement"). The Master Charter Agreement contains, in relevant part, the following clause:

### ARTICLE 22
### LITIGATION

> Subject to Article 16 of this Charter, any dispute or difference between Owner and Charterer (or Charterer's affiliate(s) as provided for in Article 17) which might arise out of or in connection with this Charter shall be brought in the United States District Court for the Southern District of New York. No suit shall be brought in any other jurisdiction, provided however (i) either party shall have the option to bring proceedings in rem to obtain seizure or the similar remedy as may be allowed by law against any vessel or property owned by the other party in any state or jurisdiction where such vessel or property may be found, and (ii) should the United States District Court for the Southern District of New York decline to exercise jurisdiction for any reason, then each party shall be entitled to pursue its claim in any court having jurisdiction and venue. EACH PARTY HEREBY IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY LAW, ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATES TO THIS CHARTER.

5. This Court is the proper venue for this proceeding in accordance with 28 U.S.C. § 1391(b).

### PARTIES

6. Plaintiff is a company organized under the laws of the State of New York with its principal place of business at 58 South Service Rd., Melville, New York.

7. Defendant TRAFIGURA A.G. ("Trafigura") is a company organized and existing under the laws of Switzerland with a place of business at 1401 McKinney St., Ste 2375, Houston, TX 77010, United States.  Trafigura may be served with process by serving its registered agent for service of process CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201-3136.

8. Defendant TRAFIGURA TRADING LLC ("Trafigura Trading") is a company organized and existing under the laws of Delaware with a place of business at 1401 McKinney St., Ste 2375, Houston, TX 77010, United States.   Trafigura Trading may be served with process by serving its registered agent for service of process CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201-3136.

## FACTUAL ALLEGATIONS

9. Plaintiff is a company providing oil and petroleum product transportation in the United States with a fleet of over twenty-five double-hulled barges and a similar number of tugs.

10. Defendant Trafigura is one of the world's leading independent commodity trading and logistics houses.  Defendant Trafigura Trading is an affiliated company of Trafigura engaged in contracting for the transportation of crude oil and petroleum products by sea, among other commodities.

11. On or before June 29, 2012, Plaintiff and Trafigura entered into the Master Charter Agreement for the charter of barges B Nos. 242 and 265, and accompanying tugs, to be used within the East Coast of Canada, U.S. Atlantic Coast and the U.S. Gulf.

12. The Master Charter Agreement stipulates the charter hire for the different tugs and barges. The Agreement further stipulates that Trafigura shall be responsible to pay for all

150604.06502/112767533v.3

consumption of fuel, tug main engine lube oil and barge lubricating oil, pilotage expenses, assist tug charges, port charges, dock fees, wharfage, dues, line handles, consular agencies fees, commissions, fees, tolls and duties.

13. Periodically, the parties extended the terms and rates of the Master Charter Agreement.

14. From November 2017 until July 2018, Plaintiff and Defendants continued performing under the Master Charter Agreement. More specifically, Defendants directed Plaintiff to perform voyages with the tugs and barges covered by the Master Charter Agreement and Plaintiff fully complied with Defendants' requests.

15. Upon information and belief, Defendant Trafigura delegated chartering and billings to Defendant Trafigura Trading in early 2018.

16. For each voyage performed after November 1, 2017, Plaintiff invoiced Defendants in accordance with the Master Charter Agreement.

17. As a result of following Defendants' orders, Plaintiff incurred expenses relating to docking services, pilotage expenses, port charges, docking fees, bunkering and other expenses directly related to Defendants' requests. These expenses amount to $165,555.14.

18. Additionally, Defendants failed to pay Plaintiff's invoices relating to charter hire under the Master Charter Agreement for two tugs and two barges for the months of March and April 2018. The outstanding charter hire amounts to $2,043,500.

19. In addition to the Master Charter Agreement, Plaintiff and Defendants also entered into three spot voyage agreements (the "Spot Agreements"): one on or about January 4, 2018 for the vessel M/V ELLEN BOUCHARD and barge B No. 282, a second on or about January 17,

2018 for the vessel M/V EVENING TIDE and barge B No. 264, and a third on or about July 18, 2018 for the vessel M/V EVENING TIDE and barge B No. 231.

20. The Spot Agreements stipulate, among other things, the freight and demurrage rates. These Agreements were fully confirmed by Defendants.

21. Although Plaintiff fully performed under the Spot Agreements, Defendants failed to pay demurrage charges for the January 4 and January 17, 2018 Agreements, as well as freight under the July 18, 2018 Agreement. The amount due to Plaintiff in demurrage and freight charges is $87,604.53.

22. Plaintiff sent timely invoices to Defendants for all services provided and charges incurred, which amounts to $2,296,659.67.

23. To date and despite its demands for payment, Defendants have failed to pay Plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

24. Plaintiff repeats and incorporates by reference herein the allegations in paragraphs 1 through 23 of the Complaint as if repeated verbatim.

25. Plaintiff has performed all of its obligations under the Master Charter Agreement and the Spot Agreements.

26. Under the terms and conditions of the Master Charter Agreement and the Spot Agreements, Defendants are obligated to pay Plaintiff for services provided and charges incurred in the performance of these services in the amount of $2,296,659.67, plus interest.

27. Despite due demand, Defendants have failed to pay Plaintiff the full value of the services provided and the charges incurred to which Plaintiff is entitled.

150604.06502/112767533v.3

28. As of the date of filing of this Complaint, no part of the outstanding amount due to Plaintiff has been paid although duly demanded.

29. The non-payment of Plaintiff's claim constitutes a breach of the terms and conditions of the Master Charter Agreement and the Spot Agreements between Plaintiff and Defendants for which Defendants are liable.

**AS AND FOR A SECOND CAUSE OF ACTION**
(*Quantum Meruit*)

30. Plaintiff repeats and incorporates by reference herein the allegations in paragraphs 1 through 23 of the Complaint as if repeated verbatim.

31. By providing the services described in this Complaint to Defendants under the Master Charter Agreement and the Spot Agreements, Plaintiff conferred benefits to Defendants.

32. Plaintiff performed under the Master Charter Agreement and the Spot Agreements with the expectation that Defendants would pay for these services as well as for charges incurred in the performance of these services.

33. Defendants have failed to pay Plaintiff for the reasonable value of services under the Master Charter Agreement and the Spot Agreements.

34. The value of the services provided and charges incurred are reasonable as they are in line with the charges stipulated in the Master Charter Agreement and Spot Agreements, and have been the same charges that Defendants paid in the past for the same types of services.

35. By reason of Defendants' failure to pay, Defendants have been unjustly enriched.

36. Plaintiff is entitled to recover the reasonable value of services on the theory of *quantum meruit*.

6

**WHEREFORE**, Plaintiff prays:

a. That judgment may be entered in favor of Plaintiff against Defendant in the amount of $2,296,659.67, together with interest, costs and attorneys' fees; and

b. For such other and further relief as this Court may deem just and proper.

Dated: New York, NY
October 24, 2018

                         Respectfully submitted,

                         BLANK ROME, LLP
                         Attorneys for Plaintiff

                    By: */s/ Richard V. Singleton*
                         Richard V. Singleton
                         Noe S. Hamra
                         The Chrysler Building
                         405 Lexington Avenue
                         New York, NY  10174-0208
                         (212) 885-5000